**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS VACA,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>TRINITY, Trinity Food Service at La Paz County Sheriff Department; et al.,<br><br>          Defendants-Appellees,<br><br> and<br><br>UNKNOWN PARTIES, named as Does 1-30,<br><br>          Defendant. | No. 19-16164<br><br>D.C. No. 2:18-cv-02242-JAT-CDB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 6, 2020**

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

---

   *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Marcos Vaca appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his right to adequate food under the Fourteenth Amendment while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We affirm.

The district court properly dismissed Vaca's action because Vaca failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1123-25 (9th Cir. 2018) (a pretrial detainee's claims arising out of the conditions of his confinement are analyzed under the Fourteenth Amendment); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012) (to state a § 1983 claim against a private entity, a plaintiff must allege that the private entity acted under color of state law and his constitutional rights were violated as a result of a policy or custom of the private entity); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation omitted)).

19-16164

Vaca's request for copies of medical records and grievances from the La Paz County grievances process, set forth in the opening brief, is denied.

**AFFIRMED.**